IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CYNTHIA REESE                                                                                    PLAINTIFF

vs.                                       Civil No. 6:14-cv-06010

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cynthia Reese ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her current disability application on August 4, 2011. (Tr. 11, 111-112).  In her application, Plaintiff alleges being disabled due to neck and lower back degenerative disc disease, spinal cord stenosis, bulging discs, cysts, severe pain in both arms, numbness in both arms, and "tingling" in both arms and legs. (Tr. 135).  Plaintiff alleges an onset date of April 20, 2011. (Tr. 11).  This application was denied initially and again upon reconsideration. (Tr. 57-58).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, on October 22, 2012, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 28-56). This hearing was held in Hot Springs, Arkansas. *Id.* Plaintiff was present and was represented by Shannon Muse Carroll at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") James E. Wallace testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-six (56) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008). (Tr. 34).

On January 22, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 8-23). The ALJ found Plaintiff last met the insured status requirements of the Act through June 30, 2015. (Tr. 13, Finding 1). The ALJ found Plaintiff engaged in Substantial Gainful Activity ("SGA") since April 20, 2011, her alleged onset date, but she had no reported income for the year 2012. (Tr. 13-14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back and spine disorder and osteoarthrosis. (Tr. 14-16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant may occasionally lift and carry 20 pounds and she may frequently lift and carry 10 pounds; the claimant may stand and walk about 6 hours in an 8-hour workday; the claimant may sit about 6 hours in an 8-hour workday; the claimant may occasionally stoop and crouch; and the claimant cannot

sustain work without an option to sit/stand at will.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22-23, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 23). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as a travel agent (sedentary, skilled). *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from April 20, 2011 through the date of the ALJ's decision or through January 22, 2013. (Tr. 23, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 7). On December 27, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On January 27, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 28, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (1) the ALJ erred in finding her impairments did not meet the requirements of Listings 1.02 and 1.04; (2) the ALJ erred in finding she had the RFC for light work; and (3) the ALJ erred by failing to present her mental impairments in a hypothetical to the V.E. *Id.* The Court will consider each of Plaintiff's arguments for reversal.

**A.     Listing 1.02 and Listing 1.04**

Plaintiff claims her impairments meet the requirements of Listings 1.02 and 1.04. ECF No. 10 at 12-15. Listing 1.02 requires the following:

> **1.02 Major dysfunction of a joint(s) (*due to any cause*)**: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; OR B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

Listing 1.04 requires the following:

> **1.04 Disorders of the spine** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. . . .

In her briefing, Plaintiff claims she meets the requirements of both of these Listings. ECF No. 10 at 12-14. In support of this claim, Plaintiff references her medical records. *Id.* Specifically, her medical records demonstrate she has "[l]arge broad bulging disk," "severe canal stenosis," and "a synovial cyst," but these medical records *do not* demonstrate her alleged impairments meet the stated requirements of Listings 1.02 and 1.04.

For instance, Listing 1.02 requires a "gross anatomical deformity," and Plaintiff has not provided *which* "gross anatomical deformity" she has. Likewise, Listing 1.04 requires "compromise of a nerve root" or "the spinal cord," and Plaintiff has not demonstrated her spinal stenosis or disc bulging *result* in a "compromise of a nerve root." Plaintiff has the burden of establishing her impairments meet all the requirements of a given Listing. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Here, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet the requirements of either Listing 1.02 or Listing 1.04. Thus, this Court will not address this issue further.

**B.   RFC Determination**

Plaintiff claims the ALJ erred in finding she retains the capacity to perform a limited range of light work. ECF No. 10 at 14-17. In support of this claim, Plaintiff references the fact she goes to a pain clinic, takes strong pain medication, and was assessed has having a mood disorder, anxiety disorder, and a panic disorder. ECF No. 10 at 15-17.

The Court has reviewed the ALJ's unfavorable decision in this case. Upon review, the Court

finds no basis for reversal on this issue. In reviewing this issue, the Court will first consider whether the ALJ properly evaluated her subjective complaints; and second, the Court will consider the medical records Plaintiff referenced in her briefing.

### i. Plaintiff's Subjective Complaints

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 14-22). Notably, the ALJ considered her daily activities and found that *after* her alleged onset date, Plaintiff engaged in a number of daily activities:

> The claimant reported in her Adult Function Report, dated September 12, 2011, that she cared for an elderly gentleman who was in bed when she arrived and when she left her shift, which was from 7 p.m to 7 a.m. from Monday through Thursday each week. The claimant reported that she drove 45 minutes to get to work. The claimant also reported that she does some cooking and laundry for her husband. The claimant reported that her mental impairments do not interfere with her ability to perform her personal care. . . . The claimant reported that she does light cleaning such as dusting, loading the dishwasher, and laundry. The claimant also reported that she goes outside everyday; she is able to go out alone; and when going out she travels by driving a car. . . .

(Tr. 14).

The ALJ also determined there were several inconsistencies between Plaintiff's subjective complaints and the record in this case. (Tr. 14-22). Notably, the ALJ found at the administrative hearing in Plaintiff's case in October of 2012 that she reported having side effects from her Hydrocodone medication. (Tr. 21). However, "every month from October 2011 through September 2012 (close to the hearing date), the claimant continuously told Dr. Warren that she was not having

8

any side effects from the Hydrocodone, which he repeatedly prescribed monthly for the claimant." *Id.* The ALJ also found "the claimant reported [during her appointments] that her pain was a 4 or 5 on a scale from 0 to 10 with 10 being the most severe . . . whereas at the hearing, she testified that she has constant shooting pain in her neck." *Id.* Based upon these findings, because the ALJ supplied "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See Turpin v. Colvin,* 750 F.3d 989, 993 (8th Cir. 2014) (recognizing a court defers to the ALJ's evaluation of the claimant's credibility as long as it is supported by good reasons and substantial evidence) (internal citation omitted).

### ii.    Plaintiff's Medical Records

Plaintiff claims her medical records demonstrate she is disabled. ECF No. 10 at 15-17. Specifically, Plaintiff claims a diagnostic assessment by Dr. Shamshad Haroon, M.D. demonstrates she is disabled. (Tr. 256-265). However, in this report, although Dr. Haroon did find Plaintiff suffered from a number impairments, such as a mood disorder (severe, recurrent), sleep disorder, anxiety disorder, and panic disorder with agoraphobia, Dr. Haroon also found Plaintiff was malingering: "Cynthia presented with exaggerated symptoms. Symptoms are not congruent. Objective examination did not match the projected symptoms." (Tr. 264).

Further, Dr. Haroon also found Plaintiff could work: "She [Plaintiff] appeared to be high functioning, although seemed to have some physical pain, but in MD's opinion, has enough intellectual capability to work in non-physically demanding position to support herself." (Tr. 265). Thus, Dr. Haroon's findings certainly do not support Plaintiff's claim of being disabled.

As a final point, in considering Plaintiff's medical records, the ALJ also noted "that none of the claimant's treating doctors have offered an opinion that the claimant was disabled or made any

statement or recommendation that the claimant was unable to work at an SGA level." (Tr. 21). The Court finds this fact is also significant. Plaintiff has offered no evidence to contradict the ALJ's finding on this issue. ECF No. 10. Thus, based upon the ALJ's review of Plaintiff's subjective complaints and medical evidence, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record and finds no basis for reversal on this issue.

### C.   Hypothetical to the V.E.

Plaintiff claims the ALJ erred by supplying a defective hypothetical to the VE which did not contain all of her limitations. ECF No. 10 at 17-18. In making this claim, Plaintiff again focuses on the ALJ's assessment of her RFC. *Id.* As noted above, the ALJ's RFC determination is supported by substantial evidence in the record.

Further, because Plaintiff's alleged limitations were not supported by the record in this case, the ALJ was not required to include those limitations in the hypothetical to the VE. *See Hulsey v. Astrue,* 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's *proven* impairments") (internal citation omitted) (emphasis added). Accordingly, the Court finds no basis for reversal on this issue.

### 4.   Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of February 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE